GEORGE LAW *vs.* J. K. TOWNSEND.—*June* 1841.

Where there is a contract for services to be rendered, and compensation to be made upon a given contingency, and the proof of performance consists entirely of letters between the parties. Qr. whether the court or the jury is to make that deduction.

But where in such a case the defendant had paid the plaintiff a sum of money, and the latter had given a receipt in full, having a reference to the transaction, couched in general terms, differing in some material respects from the language of the letters containing the contract, part of the business being unsettled at the date of the receipt; it is a question of fact solely for the jury to determine, whether the plaintiff is entitled to any further compensation for his services, or whether the parties had not entered into *a new* contract, variant from the old.

When the contract was, that the appellant should allow the appellee a commission on all business sent by the latter to the former, the title to the commission is complete by sending the business.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit,* brought on the 29th October 1838, by the appellee against the appellant, to which the defendant pleaded the general issue.

FIRST EXCEPTION.—It is agreed by the parties, that the defendant (*Law,*) was appointed administrator upon the estate of *Stephen Waterman,* late master of the ship *Mentor;* that in that capacity, prior to the 14th May 1836, he had received on account of said ship, under the late convention between *The United States* Government and that of *France,* the sum of $4,616.40. The plaintiff then read in evidence the following letters from the defendant to the plaintiff:

1. *George Law* to *John K. Townsend,* of 18th September

1834, enquiring for information of the names of the adminis-trators of the late *George Townsend* and *Capt. Stephen Water-man*, and offering to disclose and prosecute claims for them under the French Treaty. Where I discover such claims and disclose them to the parties interested, I am allowed one-fourth of any recovery made through my means as agent, attending throughout to the prosecution, and in case of failure to recover, no charge for any trouble or expense I may incur in the busi-ness. My terms of compensation once acceded to, I can transmit the power of attorney, &c., and save the parties from further trouble in the prosecution of the claim in question.

2. *From same to same.* *Washington city*, 10th January, 1835. "Dear Sir,—A short absence from the city has pre-vented an earlier reply to your favor of 29th ultimo, with en-closures in case of ship *Mentor*, *Waterman* master, which came duly to hand. I accede to your wishes in respect to commis-sion, and will allow you five per cent. as proposed. I write in haste to save the mail."

3. *Same to same.* 14th December 1835. "Award in case of ship *Mentor*, *Waterman* master, has been some time made for the sum of $16.155, one-half to each *estate*," &c. Probable dividend 62½ cents in the dollar.

4. *Same to same.* 14th May 1836. I am without any thing from you, and now request you will inform me as early as convenient, to whom the administrators of *G. T.* wish to have the certificates filled up for the proportion of award in the case of the ship *Mentor*, which that estate is entitled to, say seventy-five per cent. You will please furnish account of the estate of *George Townsend* against that of *Stephen Waterman*, in such form as must pass your orphan's court, that I may be enabled to pass it before the court where I have taken out administration, and pay over the amount to the administrator of *George Town-send*, being desirous of getting all these matters brought to a close. In this latter transaction I am entitled to thirty-five per cent. from the estate of *George Townsend*, of which I have to pay five per cent. to my security, him, and five per cent. to your good self. I have not now my correspondence with you to refer to,

and should I be in error please correct me, and say how will you have the certificates for your own 5 per cent. filled up, &c.

5. *The Plaintiff to the Defendant.* *New York,* 29th Dec. 1834. "I now enclose you my deposition of the value of the ship *Mentor, Capt. Waterman,* and also the debt of *George Townsend* against *Stephen Waterman,* in the year 1807. The former I conclude will be ample testimony for establishing the requisite proof before the commissioners for French spoliations. Your letter of 13th December received, &c., and was pleased to learn that you had taken out letters of administration in the orphan's court, on the estate of *S. W.* though I was sur-prised to observe that your securities charged 5 per cent. each; your charge and the securities, makes it 35 per cent. *I think as I have thrown a considerable business in your hands and will be likely to do more, it appears to me right for you to allow me five per cent. on all the business I have and can send you, &c."*

P. S. I have seen *Mr. Strong* of *Hudson,* who informs me he has no papers of *Stephen Waterman*—all he knew about the business, was by the directions he had from *Waterman,* who died in 1827, and nothing since has been done in the business. I herewith enclose you, certificate from the orphan's court, agreeably to your request.

6. *The Plaintiff to the Defendant.* *New York,* 29th Sep-tember 1834. After information in relation to *Townsend,* &c., I recollect well, that the said *Capt. Waterman,* went out in said ship *Mentor* as captain, and ran away with the ship and freight, and kept her in possession until she was captured. It was the means of ruining *Townsend*—all the property and avails of said ship ought in justice and equity to belong to the estate of the said *George Townsend,* and I trust you will endea-vor to have that effected, as *Waterman* never paid a cent for said vessel, or any part of the same. *Capt. Marshall* informs me, that he never knew said *Stephen Waterman,* nor could we ever find out, that he had any near connexions, &c. P. S. *Mr. H. Townsend* is willing to allow you the terms you propose."

7. *The Plaintiff to the Defendant.* *New York,* 28th Oc-tober 1834. "The laws of our State are such, that neither

*Mr. Liggett* nor the brother of *George Townsend*, can administer on the estate of *Stephen Waterman*, although they may be considered the largest creditors, not being the nearest of kin." Our public administrator will have to administer on *S. Waterman's* estate, and he will have to advertise five or six weeks before he can send on letters. I do hope you will be able to save that claim also. Please write me how that will be.

. No. 8. *The Plaintiff to the Defendant*, 14th November 1834. "I believe you were correct when you said that letters of administration could be taken out on the estate of *S. Waterman* on behalf of the estate of *George Townsend*, as largest creditor. I feel confident I shall be able to effect that. I shall give you all information you require, in relation to the ownership in my next, I think.

No. 9. *P. H. Frost*, agent of plaintiff to defendant, 27th November 1834, as to further efforts to procure letters on *Waterman's* estate.

No. 10. *From Plaintiff to Defendant*, 29th November 1834. Stating further difficulties as to procuring letters on *Waterman's* estate. "We however want you to take out letters on said *Waterman's* estate, for fear that some of his friends may do so, and thus prevent *George Townsend's* estate from getting the debt due from *Waterman's* estate, which is about $7000."

Other letters were in proof, not however affecting the controversy in this cause.

The defendant then read in evidence, the receipt of the plaintiff as follows:

*George Law, Esq.*          To *John K. Townsend*, Dr.

To my commission allowed by him as per his letter for my services rendered him, in assisting in proving the claim against ship *Mentor*, *Waterman* master, for French spoliations, under the French indemnity, as awarded to the commissioners to the estate of *George Townsend*, for $8077.50, 5 per cent.

| | |
|---|---|
| Commission on the same, is    -    -    - | $403.87 |
| Deduct 50 per cent.    -    -    -    - | 201.93 |
| Received payment in full, | $201.94 |

*Washington, 23rd June*, 1836.          John K. Townsend.

The plaintiff then proved by *Charles Gilman*, that the defendant refused to pay over the amount in his hands, as administrator of *Stephen Waterman*, until an order was obtained from the orphan's court of *Washington* county, in the *District of Columbia;* that accordingly on the 16th August 1838, such an order was obtained, directing the defendant to pay *Barnibas Waterman* and *Joshua Waterman*, administrators of *Stephen Waterman*, in the State of *New York*, any balance in his hands. Under this order the defendant proved the payment of $3,462.38, being so much money received by him under the late convention with *France*, and remaining in his hands after the payment of expenses of establishing the claim to the same, and also $134.16 additional interest; and further proved, that when the said defendant paid to the said *Charles Gilman*, the amounts of money as above stated, he the said defendant did not claim a deduction of more than 25 per cent. on the amount in his hands, as administrator of *Stephen Waterman*, and that the amounts then paid were less by 25 per cent. than the amounts received by him as administrator of *Stephen Waterman*, and that the plaintiff had no knowledge of the settlement thus made between *Charles Gilman* and the defendant, and was not a party to it.

The plaintiff then offered certain proof taken under a commission, which was objected to by the defendant, and excluded by the court. As no appeal was taken by the plaintiff, that evidence is not reported.

The plaintiff then prayed the court direct the jury as follows:

"That according to the true construction of the correspondence between the plaintiff and defendant, as given in evidence in the shape of various letters read to the jury, the plaintiff is entitled to recover five per cent. on the whole amount or sum of money, upon which the defendant received his commission of 25 per cent., if the jury shall believe from the evidence, that the defendant did receive 25 per cent. commission, upon the amount awarded and received as the proceeds of the ship *Mentor.*" Which instruction the court (MAGRUDER A. J. and

Purviance, A. J.,) gave to the jury. The defendant excepted.

Second Exception.—"The evidence having been given as is mentioned in the defendant's first exception, the defendant then prayed the court to grant the following prayers and instructions to the jury."

"If the jury find from the evidence, that the defendant agreed to pay the plaintiff a commission of five per cent. on the amount which might be received by him, provided he, the plaintiff, received thirty per cent. on such amount; and if the jury further find, that after such agreement, the representatives of *Stephen Waterman*, called upon the defendant to pay the amount of such allowance, and that the plaintiff had no authority to act for the administrators of *Stephen Waterman*, and that the defendant received in fact, a commission of only 25 per cent. from the administrators of *Stephen Waterman*, the plaintiff cannot recover."

"If the jury find, that defendant agreed to pay plaintiff a commission of five per cent. on the amount which might be received under the *French Treaty*, for the ship *Mentor*, provided he, the defendant, received thirty-five per cent. on the same, and that upon the settlement, the defendant received only twenty-five per cent., then the plaintiff cannot recover."

"That the contract in this case appears from the correspondence, and that the payment of the five per cent. to plaintiff by defendant, on the amount received from *S. Waterman's* estate, depends upon the question of fact, whether the defendant received thirty-five per cent. on the amount received from *S. Waterman's* estate; and that if the jury find, that defendant has in fact received only twenty-five per cent., then the plaintiff cannot recover."

"If the jury find from the evidence, that the claim of *Stephen Waterman's* estate, under the *French Treaty*, was *not* sent by the plaintiff to *George Law*, then the plaintiff is not entitled to recover five per cent. on the amount received by *George Law*, as administrator of *Stephen Waterman*." But the court rejected all the prayers of the defendant, and refused to grant

any one of them, to which refusal of the court to grant the said prayers, or any one of them, the defendant excepted.

The verdict and judgment being against the appellant, he prosecuted this appeal.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By G. M. GILL for the appellant, and
By GILMAN for the appellee.

DORSEY, J., delivered the opinion of the court.

The written contract between the parties in this case, is contained in the letter of the appellee dated *New York*, 29th *December* 1834, and that of the appellant from *Washington city, of January* 10th 1835. All the testimony, oral and written, which was taken in the cause, except that taken under the rejected commission, has been received without objection. The other letters of the parties, and the other written and oral testimony, do not appear to have been taken with a view to alter, or change the written contract thus proved, but to establish the controverted fact, whether *Waterman's* claim, on account of the ship *Mentor*, was a claim covered by that contract. The terms of the contract as expressed in the two letters referred to, do not *per se* establish that fact; nor is it fully or distinctly shewn, by the other letters of the parties. And if such an inference might be drawn from them in the absence of all other proof upon the subject, we wish to be understood, as expressing no opinion, whether it is the province of the court or the jury to make such deduction. But when we connect the receipt of the appellee, given in evidence by the appellant, and the oral testimony with the letters, we are clearly of opinion, that it is for the jury, *and not the court*, to decide whether *Waterman's* claim was business sent by the appellee to the appellant, under the contract in question. There was evidence legally sufficient to be left to the finding of the jury, that such was not the fact, and as evidence for such finding, it might have been argued before the jury, that there was no proof that the rep-

resentatives of *Waterman* ever clothed the appellee with the power of sending the claim under any such contract; that on the contrary, the appellee sought the recovery of the claim, for persons who asserted rights to the fund adverse to the representatives of *Waterman*, who were ultimately recognized as the persons entitled; and it might also be legitimately insisted before the jury, that the appellee's account and receipt, shewed that he did not claim his commission under the contract in the two letters referred to, but under a contract evidenced by some letter, not to be found in the record. The contract in the two letters was, that the appellant should allow the appellee a commission of five per cent. on all the business sent by the latter to the former. The title to the commission was complete by sending the business, and was in no wise made to depend on subsequent or antecedent services, to be rendered by the appellee. The account and receipt of the appellee for commission, in regard to the ship *Mentor*, is for "services rendered" by the appellee to the appellant, "in assisting him in proving the claim against ship *Mentor*, *Waterman* master, for *French* spoliations under the *French* indemnity," as per the appellant's letter. It might therefore be urged to the jury, that they might infer from the account and receipt before them, that a different contract, mentioned in a letter not before them, existed between the parties. We mean not to say that in point of fact, upon the testimony before them, the jury were justified in adopting either of the findings suggested by the appellant; all we mean to assert is, that in that stage of the trial, the jury is the only competent tribunal to pass upon them; and that therefore the county court erred in withdrawing the facts from their consideration.

We think that the county court inadvertently erred in the first bill of exceptions, upon another ground. The plaintiff's, *the* appellee's instruction, as given by the court to the jury, was, "that according to the true construction of the correspondence between the plaintiff and defendant, as given in evidence in the shape of various letters read to the jury, the plaintiff is entitled to recover five per centum on the whole amount

or sum of money, upon which the defendant received his commission of twenty-five per cent., if the jury should believe from the evidence, that the defendant did receive twenty-five per cent. commission upon the amount awarded, and received as the proceeds of the ship *Mentor.*" By this instruction the jury were informed by the court, that the plaintiff was entitled to recover five per cent. commission, on the whole amount awarded on account of the ship *Mentor;* whereas the uncontroverted receipt of the plaintiff in evidence before the jury shewed, that he had received his commission on one-half the said amount; and the whole proceedings in the cause demonstrated that he only claimed in this action a commission on a moiety of the said amount, that is, on *Waterman's* claim.

We agree with the county court in refusing the three first prayers of the appellant in second bill of exceptions; because there was not sufficient evidence that such a conditional contract, as is stated in said prayers, was ever entered into by the parties, to warrant the jury in finding its existence. And also in its rejection of the appellant's *third* prayer, being of opinion, that if the jury should find that *Waterman's* claim was not sent to the appellant by the appellee, there is in the account, receipt, and oral testimony, in the cause, evidence legally sufficient to have been left to the jury, to warrant them in finding that the appellee was otherwise entitled to recover five per cent. commission on *Waterman's* claim.

We concur with the county court in its rejection of the appellant's several prayers in the *second* bill of exceptions; but dissenting from the instruction given by the court to the jury in the appellant's first bill of exceptions, we reverse its judgment.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.